THOMAS WATT *et al.*

*v.*

WILLIAM McGALLIARD *et al.*

1. SETTING ASIDE JUDICIAL SALE—*irregularity in notice.* Where land was decreed to be sold subject to redemption, the master gave two different notices of the sale, the first by posting, which recited that the sale would be subject to redemption, and the second by publication, which stated that the sale would be without redemption, it was *held*, on bill to set aside the sale, and for leave to redeem after the execution of the master's deed and its confirmation, that the fact that the published notice stated the sale would be without redemption, afforded no equitable ground for the relief sought.

2. Such a notice could not have prevented the owner from redeeming, as the right of redemption depended upon the decree and not upon the notice, and the record afforded him notice of his rights; and a notice of sale without redemption would rather attract bidders and increase their attendance.

3. SAME—*whether the decree should not have been satisfied by the sale of an unsold tract.* Where a decree was entered against a party for the payment of a certain sum of money, and made a charge upon two tracts of land then owned by him, either one of which was sufficient to have satisfied the decree, and after decree and before sale such party sold and conveyed one of the tracts to A, who never gave any notice of his purchase, and the master in chancery sold the same in satisfaction of the decree and costs, the other tract being in an adjoining county: *Held*, on bill by the heirs of A to set aside the sale and master's deed, and for leave to redeem, that the objection that the other tract was not first sold came too late after the sale and its confirmation.

4. SAME—*misrecital of the term of court in master's deed.* Where the master's deed for land sold, recited the sale as having been made under a decree rendered at the April term, 1865, of the court, instead of the October term, 1864, when it was, in fact, rendered: *Held*, that the mere misrecital of the term in no way impaired the validity of the deed after its confirmation, and afforded no ground for setting aside the sale.

5. SAME—*inadequacy of price.* As a general principle, mere inadequacy of price is not a sufficient cause for setting aside a sale. Thus, when land, worth $3500, was sold for $384.70, subject to redemption, and there was nothing shown to impeach the fairness of the sale or the good faith of the purchaser, this court refused to set aside the sale.

33—67TH ILL.

6. SAME—*delay in taking possession as estopping purchaser from assert-ing title.* Where a purchaser at a master's sale took no steps to recover possession of the land until more than five years after the sale, it was urged, on a bill by the heirs of a purchaser from the original debtor and owner, that this should estop him from asserting title, as, if he had taken steps in proper time, it would have afforded them notice of the sale in time to have prosecuted a writ of error: *Held,* that the decrees of the court were notice to all parties, and that they were presumed to know their rights, and that neither party was under obligation to remind the other of his rights or liabilities, and that nothing short of the time fixed by the Statute of Limitations could bar the purchaser's rights.

7. FRAUD—*undue concealment.* To found any claim for equitable re-lief on the ground of undue concealment, there must be something par-taking of the nature of constructive fraud—a non-disclosure of facts which one party was under some legal or equitable obligation to commu-nicate to the other.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a bill in chancery, by Thomas Watt and Sarah Watt, his wife, Joseph M. Taylor, William P. Taylor, Henry C. Taylor, Isabella J. Weeks, and her husband, John Weeks, David A. Taylor, Eliza A. Taylor, Thomas Taylor, Noland Taylor, Virginia Taylor, Luella Taylor, Laura Taylor and Peter Taylor, as the heirs at law of Peter Taylor, deceased, against William McGalliard, Isaac V. Cunningham, J. J. Vanmeter, Rachel Henrichsen and Jacob Cunningham. The object of the bill, and the facts relied on, are stated in the opinion of the court. The court below, on the hearing, dis-missed the bill, and the complainants prosecuted this appeal.

Mr. W. B. JONES, for the appellants.

Messrs. BEASON & BLINN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The controversy in this case is between the heirs of Peter Taylor, deceased, complainants below, and appellants, and

William McGalliard, appellee, and relates to a fractional half-quarter section of land in Logan county, consisting of $141\frac{12}{100}$ acres.

McGalliard's claim of title is by virtue of a deed from a master in chancery, made upon a master's sale of the land in pursuance of a decree in a certain suit in chancery, in the Logan county circuit court, wherein Rachel Henrichsen was complainant, and Isaac V. Cunningham defendant. Peter Taylor, the ancestor of appellants, was a purchaser of the land from Cunningham, the purchase having been made soon after the decree and before the sale by the master.

The bill, in this case, was filed to set aside the master's deed and sale to McGalliard for irregularity in the manner of making it, and have a resale ordered ; and if that relief could not be obtained, that the complainants be permitted to redeem the land from the sale.

The first objection to the sale is on account of the notice given of it. It was in two forms—one by posted notices, the other by publication in a newspaper. In the former the notice was, that the sale would be subject to redemption ; that in the newspaper stated that the sale would be without redemption. The land was decreed to be sold subject to redemption, and was so sold.

There was no requirement that the notice should state that the sale would be with or without redemption. It is not perceived what harm could have resulted from the particular form of the newspaper notice in this respect. As to its effect in inviting attendance upon the sale, notice that the sale was to take place without redemption would rather have the tendency to attract bidders and increase attendance on the sale, than otherwise.

It is suggested that it might have misled Cunningham, himself, and have induced him not to redeem from the sale. But it is not to be intended that he could have been so misinformed and misled by the notice. It was the decree, and not

the notice of sale, which would regulate his rights in this respect, and he must be presumed to have had knowledge of the terms of the decree.

There was another adjoining tract of land of eighty acres, situate in Mason county, which was also embraced in the decree, and which was not sold by Cunningham to Taylor; and the next irregularity insisted upon is, that this eighty-acre tract was not offered for sale by the master. The master might have made the sum due by the decree, out of either tract of land, but as the decree was one of the circuit court of Logan county, and all the parties resided in that county, there were obvious reasons of convenience why the master should have sold the tract in that county rather than the adjoining eighty-acre tract situate in Mason county. There is no evidence that either McGalliard or the master, or Henrichsen, in whose favor the decree was, had any notice of Taylor's purchase from Cunningham of the $141\frac{12}{100}$-acre tract in Logan county. Had there been such notice, there might have been, voluntarily, a resort first to the eighty-acre tract; or, had the rights of Taylor been brought before the court, and due application made for that purpose, the court, doubtless, would have compelled a resort first to the tract in Mason county for the satisfaction of the decree. But it is inadmissible, after the sale has been perfected and the deed executed, and all confirmed by the court, to make now, for the first time, this objection to the sale.

It is objected that the deed, executed by the master to the appellee, recites a sale made by virtue of a decree rendered at the April term, 1865, when the decree, in fact, was rendered at the October term, 1864. This is evidently a mere misrecital of the particular term of the court at which the decree was rendered, and in no way impairs the validity of the deed.

The inadequacy of the price bid for the land is another objection urged against the sale. The land was struck off to the complainant in the suit, or her attorney, for the sum of

$384.70, the amount of the decree, interest and costs. The proof shows the land to have been worth $25 per acre, which would make its value about $3500.

At judicial sales, where there is a redemption, it is a well known fact that lands, unless where necessary to secure the debt, are rarely sold at anything approximating their real value. Such purchases are not looked upon as a desirable mode of investment. There is seldom competition. The creditor, for the most part, has to take the land in satisfaction of his debt and wait for it to be redeemed.

As a general principle, mere inadequacy of price is not a sufficient cause for setting aside a sale. *Ayers* v. *Baumgarten,* 15 Ill. 444; *Dickerman* v. *Burgess,* 20 id. 266; *Dutcher* v. *Leake,* 44 id. 398. We discover no circumstances tending to impeach the fairness of the sale and the good faith of the purchaser, in which case inadequacy of price might have weight.

These are the only circumstances of irregularity in the manner of the sale which are urged as affecting its validity. They are not, in our opinion, of a character sufficiently serious to invalidate the sale. This renders it unnecessary to consider the objection, from lapse of time, against entertaining the bill to set aside the sale, it having taken place on the 29th of June, 1865, and the present bill having been filed July 26th, 1871. *Fergus* v. *Woodworth,* 44 Ill. 374.

Stress is laid upon McGalliard's passive conduct, by reason whereof it is claimed that he should be estopped from asserting his title. The proof shows Taylor to have been a resident of Missouri; that he made his purchase of Cunningham December 2, 1864, and that he died on the 5th day of February, 1865, in Missouri, never having removed to this State; that, at the time of the purchase, one Holmes was in the occupancy of the land, and has ever since so continued, as the tenant of the heirs of Taylor, and has paid the taxes on the land. It does not appear that McGalliard communicated the fact of his purchase of the land to any one interested, until in

the spring of 1870, when he spoke to Cunningham in relation to it; and he took no steps to obtain possession of the land until in December, 1870, when he commenced an action of ejectment against Holmes. The master's sale to McGalliard was on the 29th of June, 1865, and the master's deed was executed on the 2d day of April, 1867. We have McGalliard's uncontradicted testimony, that he was entirely ignorant of Taylor's purchase of the land from Cunningham until in the summer of 1870, when, for the first time, he learned of it; that he had all the while supposed Holmes to be the tenant of Cunningham. It is asserted that Cunningham and the heirs of Taylor were ignorant of the master's sale to McGalliard, and that, had the latter informed them of his purchase, or taken earlier steps to recover possession, the land would have been redeemed from the sale, or a writ of error would have been sued out, and the decree reversed on error.

To found any claim for relief under this head of undue concealment, there must have been something partaking of the character of constructive fraud—a non-disclosure of facts which one party was under some legal or equitable obligation to communicate to the other. 1 Story Eq. Ju. sec. 204, 207. If McGalliard did keep silent, so far as appears, he was innocently silent. All the parties to the case were presumed to know their rights and understand their liabilities, and it was not incumbent upon either party to advise or remind the other of them.

Failure to pay taxes, and assert his right of possession for the statutory period of limitation, would have created a bar of McGalliard's right; nothing short of that can be admitted to have that effect. As to being permitted to redeem from the sale, the time for redemption fixed by the law, or the decree of the court, has expired, and a deed has been duly executed. This court has no power to extend the time of redemption.

The case presented is one of hardship. It has resulted, not from any misconduct on the part of appellee, but from the simple neglect of Taylor to examine the records of the circuit

court of Logan county and ascertain the existence of the de-
cree which incumbered the land he was purchasing. We
would have been glad to have found some good ground of
equitable relief. We can not grant it as a matter of arbitrary
discretion, because of hardship, but must decide according to
general principles of equity; and we find no doctrine of
equitable relief which will justify us in interposing to dis-
turb the fairly acquired legal title which exists in this case.
The decree, dismissing the bill, must be affirmed.

*Decree affirmed.*